UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONION DIVISION

| | |
|---|---|
| DONALD FEATHERSTON, CONNIE FEATHERSTON, Plaintiff<br><br>v.<br><br>DRRF II SPE, LLC, SERVIS ONE, INC. dba BSI FINANCIAL SERVICES, INC., MACKIE WOLF ZIENTZ & MANN, PC, Defendants | Civil Case No. 15-cv-375 (RCL) |

## MEMORANDUM OPINION

### I. INTRODUCTION

This is a foreclosure case masquerading as a consumer protection case. For the reasons articulated in a Memorandum Opinion dated September 26, 2016, this Court determined that the plaintiffs here—Donald and Connie Featherston—were judicially estopped from pursuing their claims and therefore had failed to state a claim upon which relief may be given. Thus, the Court ordered the case dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Now before the Court is the plaintiffs' motion to alter or amend the Court's judgment, ECF No. 18. Upon due consideration of defendants' motion, defendants DRRF II SPE, LLC, Servis One, Inc. d/b/a/ BSI Financial Services, Inc., and Mackie Wolf Zientz & Mann, PC's response, ECF No. 20, and the applicable law, and for the reasons set forth below, the Court will deny the motion to alter or amend the previous judgment.

1

## II. BACKGROUND

The facts of this case are set out in more detail in the Court's September 26, 2016 Memorandum Opinion. To summarize, the Featherstons purchased a home in San Antonio with a mortgage loan provided by DRRF and services by BSI. They defaulted on the loan payments. In August 2014, attorneys from the law firm Mackie Wolf Zientz & Mann, representing DRRF and BSI, sent notices of acceleration. Defendants initiated foreclosure proceedings in state court in October 2014, and they obtained an order authorizing foreclosure in November 2014. Defendants demanded the overdue payments be paid by January 5, 2015. The Featherstons disputed some of the escrow and tax fees and did not pay the overdue amount. Instead, on the January 5 due date, the Featherstons filed for Chapter 7 bankruptcy in the Western District of Texas. The foreclosure proceedings were initially stayed, but DRRF was granted relief from the automatic stay by the bankruptcy court.

In the Featherstons' bankruptcy schedules, they listed no contingent or unliquidated claims against any of the defendants here. They did, however, state that the amount and validity of their lien was in dispute. On March 17, 2015, the home was noticed for foreclosure and sale by public auction to be conducted on April 7, 2015. On April 6, 2015, the Featherstons filed this action in state court, the 73rd Judicial District Court for Bexar County, alleging that the defendants' inaccurate accounting of the debt owed was a misrepresentation in an attempt to collect on an amount to which the defendants were not entitled. Plaintiffs sought recovery of damages under the Texas Deceptive Trade Practices Act (DTPA) and Texas Debt Collection Act (TDCA). As a result of this case, the November 2014 foreclosure order was vacated by order of the 166th Judicial District Court for Bexar County dated April 21, 2015. This case was then removed to federal court on May 8, 2015.

In a Memorandum Opinion dated September 2016, this Court found that the Featherstons' failure to include any claims against defendants for alleged inaccurate accounting, fraud, or deceptive practices on their bankruptcy schedules was a representation to the Bankruptcy Court that those claims did not exist. ECF No. 16. Further, that representation was inconsistent with the one taken here, that the claims *do* exist. Thus, this Court decided, the Featherstons' were precluded under the doctrine of judicial estoppel from bringing those claims. Further, this Court determined that any such claims existed before the Featherstons instituted bankruptcy proceeding and were therefore assets of the bankruptcy estate, not the Featherstons. Accordingly, this Court determined that the bankruptcy estate was the real party in interest and the Featherstons lacked any standing to bring their claims. The case was dismissed. ECF No. 17.

The Featherstons filed a motion to amend judgment, arguing that this Court erred in making its determinations and should reconsider its analysis. ECF No. 18. Defendants filed a response, ECF No. 20. Plaintiffs did not file a reply.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow for motions for reconsideration. However, Rule 59 of the Federal Rules of Civil Procedure allows a motion to alter or amend judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "A motion to alter or amend judgment must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("A Rule 59(e) motion is discretionary and need

3

not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal quotations omitted). A court's decision to review a decision on a motion to alter or amend a judgment under Rule 59(e) is within its discretion, reversible only if the court's decision is based on an erroneous view of the law or an erroneous assessment of the evidence. *Ross*, 426 F.3d at 763.

## IV. ANALYSIS

Plaintiffs appear to have filed their motion to amend or alter the judgment under Rule 59(e), despite never explicitly invoking Rule 59.[1] The Featherstons' argument is that this Court's prior opinion "contains a clear error or will result in manifest injustice." Mot. 3. Specifically, the Featherstons claim that their failure to include their claims on the bankruptcy schedules was inadvertent, rather than intentional. *Id.* Further, they argue that even if this Court dismisses their underlying claims, they should be allowed to challenge the allegedly dubious accounting itself.

As noted in this Court's prior opinion, a party is judicially estopped from taking a position if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. *See Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005). Inadvertence exists when the actor lacks knowledge of the undisclosed claims or has no motive to conceal it from the court. *In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999). A plaintiff generally has motive to conceal a cause of action from the court in a bankruptcy proceeding if it would increase the size of the estate. *See In re Superior*

---

[1] They did, however, explicitly state that the motion "does not seek relief from the judgment under Federal Rule of Civil Procedure 60." Mot. 2, ECF No. 18.

4

*Crewboats*, 374 F.3d 330, 336 (5th Cir. 2004) (finding sufficient motive to conceal where plaintiffs would "reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors"). This Court found that the Featherstons had knowledge of their potential claims against defendants before and during the bankruptcy proceedings. And the Featherstons had motive to conceal these claims from the court because the value of the claims (and the damages sought) would normally go to the bankruptcy estate. Were they able to recover those damages here, they would reap a windfall on claims that were not disclosed to creditors or the bankruptcy court. Accordingly, this Court found that the Featherstons' failure was not inadvertent.

Plaintiffs provide no intervening change in the law applied here, nor do they provide any previously unavailable evidence as to why the Featherstons may have acted inadvertently. Rather, they re-hash the arguments that this Court has previously rejected. Therefore, the Court will deny the motion to alter or amend judgment.

Further, the Featherstons suggest that even if their DTPA or TDCA claims are barred, they should be able to challenge the disputed accounting under Texas Rules of Civil Procedure 736.11. Under that rule, a foreclosure proceeding is stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the "origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed . . . ." Tex. R. Civ. P. 736.11. Thus, plaintiffs appear to argue that Texas law allows for a separate proceeding to challenge an issue related to their lien. Because the DTPA and TDCA claims put in issue a matter related to the lien sought to be foreclosed on here—*i.e.* the allegedly inaccurate accounting on the Featherstons' debt—the Featherstons argue the Court should let them proceed. They assert that if this case is dismissed, defendants will be forced to initiate an additional

foreclosure proceeding because the previous order was vacated. "Plaintiffs will then be forced to challenge the accounting, as is their right, to prevent foreclosure." Mot. 6, ¶ 17.

But the Featherstons do not seem to dispute the fact that they were in default, they simply challenge the amount owed. The amount owed was addressed at bankruptcy. The Featherstons sued for damages under the TDCA and DTPA because the defendants allegedly foreclosed to recover on some debt that the Featherstons do not think defendants are entitled to. But the law in the Fifth Circuit is clear that the bankruptcy estate alone has standing to bring these claims. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008).

> Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition. Thus, a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.

*Id.* (internal citations omitted). Thus, these claims could only have been brought by the bankruptcy trustee. Because the Featherstons have no standing to bring these claims, the Court dismissed them.

The Featherstons now argue here that their claims here should not be considered an asset belonging to the bankruptcy estate "because it is an individual's right to protect his equity in a foreclosure proceeding." Mot. 6, ¶ 16. In response to the motion to dismiss, the Featherstons responded solely to the judicial estoppel argument, arguing that their failure to include these claims on their schedules was inadvertent. The argument now regarding standing to bring equitable claims is a new argument that could, and should, have been raised originally in response to the motion to dismiss. But had the Featherstons done so, the Court would have disposed of it easily. The Featherstons did not sue under an equitable cause of action to challenge defendants' ability to

foreclose on the lien. For example, they did not bring a quiet title or trespass to try title action to challenge defendants' lien on the property. Similarly, they did not seek declaratory relief in this case regarding the propriety of the accounting itself. They did not even move for leave to amend their complaint so they could challenge the accounting or defendants' power to enforce the lien. Rather, the complaint solely sought actual and exemplary damages under DTPA and TDCA claims, alleging that defendants were attempting to recover a debt that the Featherstons did not owe.

As noted, they lack any standing to bring those claims because the claims properly belong to the bankruptcy trustee. This Court cannot allow claims to continue where the plaintiffs lack standing. Further, this Court declines to now construe the plaintiffs' complaint as asserting an equitable challenge to the underlying lien. Similarly, the Court cannot grant leave to file an amended complaint to raise such challenges. The opposing parties here would obviously be prejudiced by the revival of this case, and the addition of previously unpleaded claims, nearly a year after its dismissal. To the extent the Featherstons argue that they should be allowed to proceed with a challenge to the amount owed or the validity of the lien despite their failure to plead any cause of action allowing them to do so, this Court declines the Featherstons' request. To the extent that the Featherstons assert that they will now be forced to challenge the accounting of the monies owed to defendants at the forthcoming foreclosure actions in state court, the Court notes that there are obvious collateral estoppel questions as to whether they can actually bring such a challenge when they failed to do so here. The Court makes no determinations, however, as to the proper disposition of any forthcoming state court actions.

Ultimately, the Featherstons raise no additional evidence or change in the controlling law as to why they have standing to raise the DTPA or TDCA claims brought here. The Court will therefore deny the motion to alter or amend judgment.

## V. CONCLUSION

In summation, the Featherstons have not presented any intervening change in the law that dictates a different result on the previously granted motion to dismiss. Nor have the Featherstons presented newly available evidence to the Court as to why their claims are not assets of the bankruptcy estate, or why their failure to list the claims on their bankruptcy schedules does not preclude the prosecution of the DTPA and TDCA claims here. Rather, they seek to re-argue the legal theories that this Court already rejected in its Memorandum Opinion dated September 23, 2017. The Court will therefore deny the motion to alter or amend judgment.

A separate order shall issue.

_____
Royce C. Lamberth
United States District Judge

DATE: 9/5/17